# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF UTAH

| | |
|---|---|
| PETRINA YOUHAN,<br><br>Plaintiff,<br><br>v.<br><br>HYPERPROOF INC.,<br><br>Defendant. | **MEMORANDUM DECISION AND ORDER DENYING PLAINTIFF'S MOTION TO RECONSIDER**<br><br>Case No. 2:21-cv-00290<br><br>Chief Judge Robert J. Shelby |

Now before the court is Plaintiff Petrina Youhan's Motion to Reconsider.[1] For the reasons set forth below, the court DENIES the Motion.

## BACKGROUND AND PROCEDURAL HISTORY[2]

This case concerned a dispute between Youhan and Defendant-employer Hyperproof Inc. about Youhan's employment agreement (the Agreement). Before signing the Agreement, Youhan and Hyperproof negotiated Youhan's compensation. Youhan alleged Hyperproof's representative told her that, although her base salary would be less than her current salary, her base compensation would be augmented by a "variable compensation plan" consisting of a "performance-based bonus and … [i]f you reach certain standards, you will receive this on-target compensation plan" which, together with the base pay, would exceed her current compensation of $200,000.[3] Youhan accepted the employment offer via the Agreement containing the

---

[1] Dkt. 82, *Plaintiff's Motion to Reconsider* (*Motion*).

[2] The facts are drawn from the parties' briefing and attached exhibits. The court provides only the factual background relevant to the present Motion.

[3] *See Motion* at 3; *see also* Dkt. 2, *Complaint* at ¶¶ 5–9; Dkt. 83, *Response to Motion to Reconsider* (*Response*), Ex. A, *Transcript of the January 27, 2023 Motion Hearing* (*January Transcript*) at 8, 11–12.

following compensation clause: "[Y]ou will receive an annual salary of $125,000 …. You will also receive a variable compensation plan, focused on outcomes associated with your position including but not exclusive to prospective customer referrals, for the year 2020 with on-target variable compensation equal to $75,000."[4] The Agreement also contained an integration clause stating the Agreement "supersede[s] any representations made during your … pre-employment negotiations, whether written or oral."[5]

Hyperproof paid Youhan her annual salary but terminated her before she received the bonus.[6] Youhan subsequently filed a Complaint alleging misrepresentation, negligent misrepresentation, breach of contract, unjust enrichment, breach of the duty of good faith and fair dealing, violation of the Utah Wage Claims Act, and violation of Title VII of the Civil Rights Act of 1964.[7]

Hyperproof filed a motion for summary judgment and the court heard oral argument on January 27, 2023.[8] At oral argument, the court noted the variable compensation language in the Agreement was ambiguous as to whether it was a representation or a promise,[9] and stated the integration clause posed an issue for the breach of contract claim.[10] On multiple occasions, the court asked Youhan's counsel to point to specific statements Youhan alleged were fraudulent misrepresentations.[11] Youhan's counsel reiterated general statements made by Hyperproof

---

[4] *Motion*, Ex. 2, *Agreement*, ¶ 1.

[5] *Agreement*, ¶ 10.

[6] *See January Transcript* at 4; *Response*, Ex. B, *Transcript of the April 6, 2023 Final Pretrial Conference* (*April Transcript*) at 18.

[7] *See* Dkt. 2, *Complaint*.

[8] *See January Transcript*.

[9] *Id.* at 12, 33–34, 48.

[10] *Id.* at 33–35.

[11] *See e.g., id.* at 9 ("Now tell me specifically what misrepresentations you're talking about. Who said what to whom and when?"); *id.* at 33 ("I'm still wondering what the nature of the representation and when it was made and

during negotiations prior to the Agreement, identified the Agreement's compensation clause, and emphasized the fact Youhan never received the bonus.[12]  However, Youhan's counsel could not point to any other specifics as to what statements were made or when or any other details.[13]

The court subsequently granted summary judgment to Hyperproof on Youhan's unjust enrichment, Utah Wage Claims Act, and Title VII claims.[14]  The court indicated there was "a construction problem" with the language of the Agreement, but nevertheless concluded there could be some "plausibility" to the remaining claims and denied dismissal of those claims at that time.[15]  The court then set a pretrial conference and ordered the parties to submit a pretrial order and come to the pretrial hearing "prepared to talk theory, to talk authority, to talk facts."[16]

The court held the pretrial conference on April 6, 2023 and asked Youhan's counsel what "specific" actions constituted the breach and misrepresentation.[17]  The court also asked about a provision in the Agreement stating Washington law governed the Agreement.[18]  In answer to the court's questions, Youhan's counsel recited the same general information as before.[19]  When Youhan's counsel was again unable to articulate the theory Youhan would pursue at trial or what specific facts in the record Youhan was relying on,[20] the court ordered the parties to amend their

---

by whom and what was said."); *id.* at 35–36 ("I'm still waiting to hear the specific representation that you say induced you to enter into the contract with the integration clause. … Give me the representation.  If you don't have it, then we ought to move on.").

[12] *January Transcript* at 10–11, 31–35.

[13] *Id.* at 10–13, 33–37.

[14] *Id.* at 40.

[15] *Id.* at 41–42, 48–49.

[16] *Id.* at 43–44.

[17] *See April Transcript* at 14–15, ("I'm interest in having you tell me what specific misstatement of fact that you assert was made upon which she relied. …  I'm interest in the statement and who and when and where.").

[18] *Id.* at 7, 9, 27.

[19] *Compare January Transcript* at 10–13, 33–37, *with April Transcript* at 10–15.

[20] *See id.* at 4–5, 33 ("[A]t pretrial we are trying as best we can to clarify what people are talking about and simplifying the issues that a fact finder is going to have to decide.  So I'm looking at first of all your legal theory or

proposed final pretrial orders and set a briefing schedule.[21] The court also ordered Youhan to include "the specific representation made in your false representation cause of action" and cautioned she could not pursue both breach of contract and fraud claims because "[y]ou can't enforce a fraudulent contract."[22] Youhan's counsel also asked the court whether to brief the choice of law issue and the court responded, "If the parties agree, I don't care if they agree to waive that particular section, but that is up to you."[23] Youhan submitted a brief on the choice of law issue and acknowledged she did not specify in her Complaint whether she brought her claims "under Utah or Washington common [sic] to show a waiver of any of her claims under Washington law," but maintained "she should still be able to recover under Utah law."[24] Youhan also stated "Washington law would apply unless any cause of action would be contrary to the fundamental polic[y] of the state," but did not argue any cause of action mandated the application of Washington law.[25]

The parties appeared at a final pretrial conference on June 28, 2023.[26] At that hearing, the court again tried to "nail down" Youhan's theory of the case, including the claims she intended to pursue at trial and the relief Youhan sought.[27] The court asked Youhan's counsel at

---

theories in reference to the relief that you're asking for. That is the beginning point….. I'm interested in the specific representations made in your false representation cause of action, when, where and to whom and what was said. Ultimately, — ultimately, counselor, you have either got a breach or you have got an inducement. Ultimately you can't have them both. You have either got a fraud claim or you have got a contract claim. You can't enforce a fraudulent contract. So you have got a choice to make there.").

[21] *Id.* at 32–33.

[22] *Id.* at 33.

[23] *Id.* at 34–35.

[24] Dkt. 70, *Reply Brief on Arbitration and Choice of Law* at 2.

[25] *Id.* at 3.

[26] Dkt. 80, *Docket Text Order*.

[27] Dkt. 83, *Response*, Ex. C, *Transcript of the June 28, 2023 Final Pretrial Conference* (*June Transcript*) at 4, 8.

4

least six times what specifically Youhan was relying on for her misrepresentation or fraud in the inducement claim.[28] Youhan's counsel, partly due to some technical difficulties with his computer, was still unable to point to specific statements in the record or articulate what theories Youhan would proceed on at trial other than the information presented at the prior hearings.[29] Based on Youhan's inability to satisfactorily identify what she was alleging and on what basis, the court concluded there were no claims to try and dismissed the remaining claims.[30] The court instructed Hyperproof to prepare an order. However, Judge Bruce S. Jenkins, who had presided over the case, sadly passed away before issuing a written opinion or judgment.[31] The case was reassigned to Judge Howard C. Nielson who entered Judgment on June 14, 2024 consistent with Judge Jenkin's oral ruling and dismissed the case.[32]

On July 11, 2024, Youhan filed this Motion under Federal Rule of Civil Procedure 60(b) to reconsider the dismissal of her case.[33] In her Motion, Youhan reiterates the same general

---

[28] *See id.* at 8 ("Tell me when that was done, who made it, what was said."); *id.* at 11 ("The Court: Well, you've got to check an innate problem here.… [U]nless we have something specific we can point to in reference to the alternate theory that you have of fraud in the inducement.… [W]e have to deal with specifics."); *id.* at 14–15 ("The Court: I want you to identify the facts that are in dispute.… [W]e have to deal with specifics, you see. A fact finder needs specifics. We have to figure out if we've got something to try."); *id.* at 16 ("The Court: Now, read me what you say is the basis for that obligation."); *id.* at 30–31 ("The Court: We're really trying to figure out if there's anything left to try.… I'm still interested in a specific assertion as to a factual matter at a given point in time. Who made it? Who said it? Under what circumstances was it said? I've yet to hear an assertion of fact by someone in authority to justify a suggestion that there's fraud in the inducement."); *id.* at 34 ("The Court: I really have to deal with specifics. If we don't have anything to try, we don't have anything to try.").

[29] *Compare id.* at 9 (Youhan's counsel stating "I don't have those specifics before me" in response to the court's question as to who made an untrue statement and what it was); *id.* at 30–31 ("[Youhan's Counsel]: I don't have his deposition transcript before to know specifically what he said."); *id.* at 6–10, 13–15, 17–18, 31–36, *with January Transcript* at 10–13, 33–37; *April Transcript* at 10–15.

[30] *See id.* at 35–36.

[31] *See* Dkt. 80, *Docket Text Order*.

[32] *See id.*; Dkt. 81, *Judgment*.

[33] *See Motion.* Youhan also references Federal Rule of Civil Procedure 59(a)(2) governing action after a nonjury trial. *Id.* at 4. Rule 59(a)(2) is inapplicable because the case never went to trial. Accordingly, the court only addresses the arguments Youhan raises under Rule 60(b).

5

negotiation representations and allegations,[34] and adds excerpts from the depositions of Youhan and Hyperproof's representative, presumably those her counsel tried to access on his computer at the final pretrial conference.[35] The Motion is ripe for review.[36]

## LEGAL STANDARD

As the Tenth Circuit has noted, "[t]he Federal Rules of Civil Procedure recognize no 'motion for reconsideration.'"[37] Rather, the court considers a "motion to reconsider" as a motion to alter or amend the judgement pursuant to Federal Rule of Civil Procedure 59(e) if the motion is filed "within ten days of the district court's entry of judgment" or, if filed more than ten days after judgment is entered, as "a motion seeking relief from the judgment under [Rule] 60(b)."[38]

Rule 59(e) and Rule 60(b) serve different purposes. Parties may "challenge the legal correctness of the district court's judgment by arguing that the district court misapplied the law or misunderstood their position" under Rule 59(e) or by direct appeal.[39] Rule 60(b) provides for relief when the movant demonstrates "exceptional circumstances by satisfying one or more of Rule 60(b)'s six grounds for relief from judgment."[40] In this case, the court entered judgment on

---

[34] *See generally*, *Motion*.

[35] *Motion*, *Ex. B*.

[36] *See* Dkt. 82, *Motion to Reconsider*; Dkt. 83, *Defendant Hyperproof's Response in Opposition to Plaintiff's Motion to Reconsider*; Dkt. 84, *Plaintiff's Reply to its Motion to Reconsider*.

[37] *Hatfield v. Bd. of Cnty. Comm'rs for Converse Cnty.*, 52 F.3d 858, 861 (10th Cir. 1995).

[38] *Id.*; *see also Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991) ("The Federal Rules of Civil Procedure do not recognize a 'motion to reconsider.' Instead, the rules allow a litigant subject to an adverse judgment to file either a motion to alter or amend the judgment pursuant to Fed.R.Civ.P. 59(e) or a motion seeking relief from the judgment pursuant to Fed.R.Civ.P. 60(b).").

[39] *See Van Skiver*, 952 F.2d at 1244; *see also U.S. v. 31.63 Acres of Land*, 840 F.2d 760, 761 n.4 (10th Cir. 1988) (stating a party may "allege a legal mistake by the district court" by "appeal from the judgment or by a motion to amend under Rule 59(e)"); *Lyons v. New Mexico Dep't of Corr.*, 12 F. App'x 772, 773 (10th Cir. 2001) ("Grounds warranting a motion to reconsider include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice. Thus, a motion for reconsideration is appropriate where the court has misapprehended the facts, a party's position, or the controlling law.").

[40] *Van Skiver*, 952 F.2d at 1243–44.

6

June 14, 2024, and Youhan filed her Motion on July 11, 2024.[41] Accordingly, the court analyzes Youhan's Motion pursuant to Rule 60(b). Rule 60(b) provides a court may grant relief from a final judgment or order for any of the following reasons: (1) mistake, surprise, or excusable neglect; (2) new evidence; (3) fraud or misrepresentation; (5) the judgment is void; (6) the judgment is satisfied or discharged; or (6) "any other reason that justifies relief."[42] Additionally, "Rule 60(b)'s categories are mutually exclusive."[43]

## ANALYSIS

Youhan argues "there are issues as to mistake, neglect, misrepresentation and other reasons justifying reversal of the final judgment."[44] Though it is not clear from Youhan's Motion what she maintains constitutes a mistake, neglect, or misrepresentation, she appears to base her argument on (1) a misunderstanding as to the purpose of the hearing, and (2) the court's application of the law.

First, Youhan states "[i]t was Plaintiff's counsel's assumption that the pre-trial hearing was set to figure out dates and logistics for the bench trial" and did not anticipate the court would ask Youhan's counsel about Youhan's theory of the case or any facts.[45] Youhan complains the court turned the hearing into "somewhat of a quasi trial without the acceptance of evidence" and counsel was required to "proffer evidence through their own recollection."[46] Youhan further

---

[41] *See* Dkt. 81, *Judgment*, Dkt. 82, *Motion*.

[42] Fed. R. Civ. P. (60)(b).

[43] *Zurich N. Am. v. Matrix Serv., Inc.*, 426 F.3d 1281, 1293 (10th Cir. 2005) (citation omitted).

[44] *Motion* at 4.

[45] *Motion* at 2–4. Youhan also seems to state she did not anticipate there would be a discussion about theories or facts because the parties never filed, and the court never signed, a joint pre-trial order setting forth the "uncontroverted facts, contested issues of fact, contested issues of law, witnesses that [would] be called and exhibits that would be used." *Id.* at 2.

[46] *Id.* at 4.

asserts she was hampered in her ability to provide the evidence the court requested due to "Plaintiff's counsel's laptop had issues … and could not pull up the deposition transcript."[47] The court is unpersuaded.

The court had twice ordered counsel to come prepared to discuss both the theory or theories of Youhan's case and the particular facts of the case. At the January 27, 2023 summary judgment hearing, the court set a pretrial conference and ordered counsel for both parties to prepare a final pretrial order and come prepared to discuss the theories and facts to determine what claims, if any, would be tried.[48] At the April 6, 2023 pretrial conference, the court asked Youhan's counsel which facts were "in dispute," "what the case turn[ed] on," what "specific breach" Youhan alleged, and what "statement and who and when and where" constituted the misrepresentation.[49] When Youhan's counsel was still unable to satisfactorily articulate the theory Youhan would pursue at trial or what facts she was relying on, the court set a final pretrial conference and again ordered the parties to come prepared to discuss their respective theories and the particular facts of the case.[50] The June 28, 2023 final pretrial conference did not present any surprises. The court plainly told Youhan's counsel to be prepared to clearly explain what claim she was pursuing, her theory of the case, and what specific facts Youhan was relying on. Youhan's counsel may have misunderstood the court's orders, but "a party who simply

---

[47] *Id.* at 2–3.

[48] *See January Transcript* at 42–43 (instructing all counsel to be "prepared to talk theory, to talk authority, to talk facts" in order to determine the "disputed issues … so that we can have a meaningful conversation … as to what's left, if anything, and what's to try, if anything").

[49] *April Transcript* at 6, 14–15.

[50] *See id.* at 4–5, 33 ("[A]t pretrial we are trying as best we can to clarify what people are talking about and simplifying the issues that a fact finder is going to have to decide. So I'm looking at first of all your legal theory or theories in reference to the relief that you're asking for. That is the beginning point….. I'm interested in the specific representations made in your false representation cause of action, when, where and to whom and what was said. Ultimately, — ultimately, counselor, you have either got a breach or you have got an inducement. Ultimately you can't have them both. You have either got a fraud claim or you have got a contract claim. You can't enforce a fraudulent contract. So you have got a choice to make there.").

misunderstands or fails to predict the legal consequences of his deliberate acts cannot later, once the lesson is learned, turn back the clock to undo those mistakes."[51]

Second, Youhan appears to argue the court erred in applying the law. Specifically, Youhan contends the court erred in ruling "without any pending motions before the court [and] without proper notice to Plaintiff," failing to determine whether Utah or Washington law applied, failing to state "the factual basis for dismissal of each claim as it applied to each Washington law claim," and "revers[ing] itself on its original order on summary judgment."[52]

Youhan's legal challenges should have been lodged by direct appeal or filed as a Rule 59(e) motion within ten days of the Judgment,[53] and Youhan has not otherwise shown exceptional circumstances justifying relief from the Judgment.[54] As the Tenth Circuit explained, challenges to the "legal correctness of the district court's judgment … that the district court misapplied the law or misunderstood [the party's] position" are arguments "properly brought under Rule 59(e) within ten days of the district court's judgment or on direct appeal but do not justify relief from the district court's judgment pursuant to Rule 60(b)."[55] Furthermore, Youhan's motion "basically revisits, albeit in somewhat different forms, the same issues already addressed and dismissed by the court," and revisiting issues "is not the purpose of a motion to

---

[51] *Yapp v. Excel Corp.*, 186 F.3d 1222, 1232 (10th Cir. 1999).

[52] *Motion* at 5–8.

[53] *See Van Skiver*, 952 F.2d at 1244; *see also 31.63 Acres of Land*, 840 F.2d at 761 n.4 (stating a party may "allege a legal mistake by the district court" by "appeal from the judgment or by a motion to amend under Rule 59(e)"). Youhan's Motion was filed twenty-seven days after the court entered the final judgment in this case. Judge Jenkins dismissed the case on June 28, 2023. *See* Dkt. 80, *Docket Text Order*. Judge Nielson entered the Judgment consistent with Judge Jenkin's oral ruling on June 14, 2024, and Youhan filed her Motion on July 11, 2024. *See Judgment*; *Motion*.

[54] *See* Fed. R. Civ. P. 60(b); *McGraw v. Barnhart*, 450 F.3d 493, 505 (10th Cir. 2006) ("[R]elief under Rule 60(b)(6) is extraordinary and reserved for exceptional circumstances.").

[55] *Van Skiver*, 952 F.2d at 1244.

9

reconsider."[56] To the extent Youhan provides "new arguments or supporting facts" which were available at the oral argument on summary judgment and the subsequent hearings, this is "likewise inappropriate."[57] In short, relief under Rule 60(b) is unwarranted even if Youhan's arguments about this court's legal application were meritorious.

## CONCLUSION

For the reasons stated above, Youhan's Motion for Reconsideration under Rule 60(b) is unsupported and DENIED.[58]

SO ORDERED this 4th day of December 2024.

BY THE COURT:

_____
ROBERT J. SHELBY
United States Chief District Judge

---

[56] *Id.* at 1243.

[57] *Id.*

[58] Dkt. 82.